IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01641-MSK-MJW

JOHN ELLIOTT,

Plaintiff,

v.

EXTREME COIL DRILLING CORPORATION, a Texas corporation,

Defendant.

**ORDER REGARDING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 18)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on Plaintiff's Motion for Protective Order (docket no. 18). The court has reviewed the subject motion (docket no. 18) and the response (docket no. 20) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.  In this case, it is Plaintiff's burden to establish sufficient "good cause." See O'Hare v. TRS Recovery Services, Inc., 2008 WL 5169519, *2 (D. Colo. Dec. 9, 2008);

5. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role.  See American Family Mut. Ins. Co. v. Minor, 2007 WL 4365694, * 1 (D. Colo. Dec. 10, 2007).  Last, the decision to issue a protective order rests within the sound discretion of the trial court.  Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990); and,

6. That "good cause" has been shown by Plaintiff, and in the court's discretion, a protective order should issue.  However, I find that the revisions that are being requested by Defendant as outlined in paragraph 5 in Defendant's Response (docket no. 20) are appropriate and should be included in the written Protective Order.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

3

1. That Plaintiff's Motion for Protective Order (docket no. 18) is **GRANTED IN PART AND DENIED IN PART**;

2. That the Subject Motion (docket no. 18) is **GRANTED** insofar as a Protective Order should be entered by the court;

3. That the Subject Motion (docket no. 18) is **DENIED** insofar as Plaintiff's request to exclude the revisions requested by Defendant. The revisions to the written Protective Order as outlined in paragraph 5 in Defendant's Response (docket no. 20) are appropriate and shall be included in the written Protective Order;

4. That the written Protective Order is **APPROVED** as amended in paragraph 3 of this Order and made an Order of Court;

5. That the parties shall file with this court on or before October 21, 2009, a revised written Protective Order that is consistent with this Order *nunc pro tunc* to October 14, 2009;

6. That each party shall pay their own attorney fees and costs for this Subject Motion (docket no. 18).

Done this 14th day of October 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE